960 F.2d 154
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ELAN TRANSDERMAL LIMITED, Plaintiff-Appellant,
v.
CYGNUS THERAPEUTIC SYSTEMS, Defendant-Appellee.
 No. 92-1068.
 United States Court of Appeals, Federal Circuit.
 Feb. 21, 1992.
 
 Before PLAGER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ORDER
 PLAGER, Circuit Judge.
 
 
 1
 Cygnus Therapeutic Systems moves to dismiss the appeal of Elan Transdermal Limited and for sanctions. Elan opposes. Elan moves to "consolidate" the motion to dismiss with the appeal and to expedite. Cygnus opposes.
 
 
 2
 This matter stems from a protective order issued by the United States District Court for the Northern District of California limiting the disclosure of confidential information to outside counsel. Elan sought to include access by inside counsel and others, i.e., Elan's vice president and head of its nicotine patch project, Elan's patent counsel who prosecutes Elan's patents, and an in-house technician. Elan moved for reconsideration, which the district court denied. Elan appealed.
 
 
 3
 Elan argues that its appeal is proper either under the Cohen[1] collateral order doctrine, the Gillespie[2] doctrine, or as an order having the effect of an injunction. We disagree.
 
 
 4
 Protective orders in a case such as this are interlocutory and routine. Although it may seem harsh to the parties, those orders are not appealable orders because they may be reviewed on appeal after final judgment. As such, they do not fall within the Cohen doctrine. The Gillespie doctrine, which has been limited to the facts of the Gillespie case, is not applicable. Coopers & Lybrand v. Livesay, 437 U.S. 463, 477 n. 30 (1978) ("If Gillespie were extended beyond the unique facts of that case, § 1291 would be stripped of all significance"). See also Copelands' Enterprises Inc. v. CNV, Inc., 887 F.2d 1065, 1068 (Fed.Cir.1989) (in banc). Nor does the order have the practical effect of granting or denying an injunction. See Carson v. American Brands, Inc.. 450 U.S. 79 (1981); Woodard v. Sage Products, Inc.. 818 F.2d 841 (Fed.Cir.1987) (in banc).
 
 
 5
 We will not grant the motion for sanctions. Elan's arguments relating to the Cohen doctrine are not completely without merit.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) Cygnus's motion to dismiss is granted.
 
 
 8
 (2) Cygnus's motion for sanctions is denied.
 
 
 9
 (2) The remaining motions are moot.
 
 
 10
 LOURIE, Circuit Judge, concurring.
 
 
 11
 While I believe the district court erred in not permitting access by Elan's patent counsel, a lawyer, to the confidential information, I concur because I do not consider that this error brings the case within the ambit of Cohen, permitting interlocutory appeal.
 
 
 
 [1]
 Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949)
 
 
 [2]
 Gillespie v. United States Steel Corp., 379 U.S. 148 (1964)